UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CARWIN HOLLEY-CHAMBERS, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-166-HAB-SLC |
| NOBLE COUNTY JAIL, JENNY CUMMINS, and MAX WEBBER, | |
| Defendants. | |

OPINION AND ORDER

Carwin Holley-Chambers, a prisoner without a lawyer, filed a complaint, raising three concerns about conditions at the Noble County Jail. ECF 1. However, because the complaint is vague as to what claims Holley-Chambers is raising in this complaint, he needs to file an amended complaint, clarifying who he is suing and what claims he wishes to raise. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Holley-Chambers challenges three policies at the Noble County Jail: (1) the lack of shower curtains, (2) the copying of legal mail, and (3) the practice of

having jail officers instead of nurses pass out medication. ECF 1. He names three defendants: the Noble County Jail, Jail Commander Jenny Cummins, and Jail Sheriff Max Webber. He cannot sue the jail because it is a building, not an individual or even a policy-making unit of government that can be sued under 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (jail is not a suable entity); *see also Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (same, applying Indiana law).

As to the other two defendants, Holley-Chambers does not mention them in the body of the complaint, so it is not clear why he is suing them. If he wants to sue them personally for damages, then he must explain how each was personally involved in the alleged violations. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (defendants must be personally involved in the alleged constitutional violation and cannot be held liable for damages solely because of their position). If, however, Holley-Chambers is claiming only that the policies are facially invalid, then he does not need to sue both the jail commander and the sheriff. A claim that a jail policy is invalid on its face constitutes an official capacity claim, and an official capacity claim against either the Jail Commander or the Sheriff (who is in charge of running the jail) would both be considered a suit against the Sheriff's Office. *See McMillian v. Monroe Cnty.*, 520 U.S. 781, 785 n.2 (1997). Thus, for a case challenging the policies on their face, he only needs to sue the Sheriff in his official capacity. Including both as defendants is unnecessary and creates confusion about what he intends to do in this lawsuit.

For these reasons, the court:

(1) GRANTS Carwin Holley-Chambers until **October 18, 2023**, to file an amended complaint that clarifies the claims and defendants he wishes to bring; and

(2) CAUTIONS Carwin Holley-Chambers if he does not respond by the deadline, the court will construe the complaint as raising an official capacity claim against the Noble County Sheriff, dismiss the other defendants, and screen the case accordingly.

SO ORDERED on September 22, 2023.

s/ Holly A. Brady
CHIEF JUDGE
UNITED STATES DISTRICT COURT